FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

2023 JAN 26 PM 3:30

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 8:23 cr 32 KKM-TGW

ROBERT BIRCHUM

18 U.S.C. § 793(e)

## INFORMATION

The United States Attorney charges:

### COUNT ONE

(Willful Retention of National Defense Information)

From no later than in or about August 2008, up to and including on or about January 24, 2017, in the Middle District of Florida, and elsewhere, the defendant, ROBERT BIRCHUM, having unauthorized possession of, access to, and control over documents relating to the national defense, did willfully retain the documents and failed to deliver them to the officer or employee of the United States entitled to receive them, to wit, the defendant without authorization retained on a thumb drive in his residence two documents classified at the TOP SECRET/SCI level from the National Security Agency (NSA) relating to the national defense that discuss the NSA's capabilities and methods of collection of information.

In violation of Title 18, United States Code, Section 793(e).

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 793(h)(1).

2. Upon conviction of a violation 18 U.S.C. § 793, the defendant

ROBERT BIRCHUM,

shall forfeit to the United States, pursuant to 18 U.S.C. § 793(h)(1), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, from any foreign government, or any faction or party or military or naval force within a foreign country, whether recognized or unrecognized by the United States, as the result of such violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 793(h)(3).

ROGER B. HANDBERG
United States Attorney

By: *Cherie Krigsman*
Cherie L. Krigsman
Assistant United States Attorney
Chief, National Security &
Cybercrime Section

By: *Christopher F. Murray*
Christopher F. Murray
Assistant United States Attorney
Chief, Criminal Division South

By: *Cherie Krigsman, AUSA*
for Evan N. Turgeon
Trial Attorney
Counterintelligence and Export
Control Section
National Security Division
U.S. Department of Justice