AF Approval _~~~~~~_

Chief Approval _____

CHRISTOPHER MURRAY
Digitally signed by
CHRISTOPHER MURRAY
Date: 2022.07.05
16:15:39 -04'00'

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                  CASE NO. **8:23-cr-32-KKM-TGW**

ROBERT BIRCHUM

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Roger B. Handberg, United States Attorney for the Middle District of Florida,

and the defendant, Robert Birchum, and the attorney for the defendant, Eric

Roper, Esq., mutually agree as follows:

**A.      Particularized Terms**

1.      Count Pleading To

The defendant shall enter a plea of guilty to Count One of the

Information.  Count One charges the defendant with unlawful retention of

national defense information, in violation of 18 U.S.C. § 793(e).

2.      Maximum Penalties

Count One carries a maximum sentence of 10 years'

imprisonment, a fine not to exceed $250,000, a term of supervised release of

not more than three years, and a special assessment of $100. With respect to

certain offenses, the Court shall order the defendant to make restitution to

any victim of the offense, and with respect to other offenses, the Court may

Defendant's Initials _____

order the defendant to make restitution to any victim of the offense, or to

the community, as set forth below.

    3.    <u>Elements of the Offense</u>

        The defendant acknowledges understanding the nature and

elements of the offense with which defendant has been charged and to which

defendant is pleading guilty.  The elements of Count One are:

> <u>First</u>:    The defendant had unauthorized possession or control over documents relating to the national defense of the United States; and

> <u>Second</u>:    The defendant willfully retained the same documents and failed to deliver the documents to an officer and employee of the United States who is entitled to receive them.

    4.    <u>Indictment Waiver</u>

        Defendant will waive the right to be charged by way of

indictment before a federal grand jury.

    5.    <u>No Further Charges</u>

        If the Court accepts this plea agreement, the United States

Attorney's Office for the Middle District of Florida agrees not to charge

defendant with committing any other federal criminal offenses known to the

United States Attorney's Office at the time of the execution of this agreement,

related to the conduct giving rise to this plea agreement.

Defendant's Initials      2

6.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

Pursuant to USSG §§6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the base offense level for Count One is 29, pursuant to §2M3.3(a)(1), because the defendant willfully retained national defense information that was classified at the TOP SECRET/SENSITIVE COMPARTMENTED INFORMATION ("SCI") level. Pursuant to §3B1.3 of the Guidelines, the parties hereby further stipulate and agree that there is a two-level increase in the offense level for Count One because the defendant abused a position of public trust and used a special skill in a manner that significantly facilitated the commission and concealment of the offense.

Defendant's Initials _____                    3

The parties understand that pursuant to §6B1.4(d), the Court is not bound by the above stipulations, and, if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

7.   Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for

Defendant's Initials 

4

acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.  Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 793(h)(1), whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action.  The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture

5

Defendant's Initials 

will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.  The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

Defendant's Initials 

6

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns

7

Defendant's Initials 

until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

9.    Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any computer equipment seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation, the United States Air Force Office of Special Investigations, or other appropriate agency, was properly seized and constitutes evidence, contraband, or fruits of the crime for which he has pled guilty.  As such, defendant hereby relinquishes all claim, title and interest he has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of a Simple-Tech thumb drive and Dell hard drive seized from the Defendant's residence on January 24, 2017, and an

Defendant's Initials 

8

Iomega hard drive seized from the Defendant's overseas quarters on January 30, 2017.

**B.**     **Standard Terms and Conditions**

    1.     Restitution, Special Assessment and Fine

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

9

Defendant's Initials

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2.   Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant

10

Defendant's Initials 

factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

     5.   <u>Financial Disclosures</u>

     Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United

11

Defendant's Initials 

States Attorney's Office to provide to, and obtain from, the United States

Probation Office, the financial affidavit, any of the defendant's federal, state,

and local tax returns, bank records and any other financial information

concerning the defendant, for the purpose of making any recommendations to

the Court and for collecting any assessments, fines, restitution, or forfeiture

ordered by the Court.  The defendant expressly authorizes the United States

Attorney's Office to obtain current credit reports in order to evaluate the

defendant's ability to satisfy any financial obligation imposed by the Court.

      6.    Sentencing Recommendations

           It is understood by the parties that the Court is neither a party to

nor bound by this agreement.  The Court may accept or reject the agreement,

or defer a decision until it has had an opportunity to consider the presentence

report prepared by the United States Probation Office.  The defendant

understands and acknowledges that, although the parties are permitted to

make recommendations and present arguments to the Court, the sentence will

be determined solely by the Court, with the assistance of the United States

Probation Office.  Defendant further understands and acknowledges that any

discussions between defendant or defendant's attorney and the attorney or

other agents for the government regarding any recommendations by the

government are not binding on the Court and that, should any

12

Defendant's Initials 

recommendations be rejected, the defendant will not be permitted to withdraw his plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

      7.   <u>Defendant's Waiver of Right to Appeal the Sentence</u>

      The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

13

Defendant's Initials 

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation

Defendant's Initials                     14

and advice received from defendant's undersigned counsel (if any).  The
defendant also understands that defendant has the right to plead not guilty or
to persist in that plea if it has already been made, and that defendant has the
right to be tried by a jury with the assistance of counsel, the right to confront
and cross-examine the witnesses against defendant, the right against
compulsory self-incrimination, and the right to compulsory process for the
attendance of witnesses to testify in defendant's defense; but, by pleading
guilty, defendant waives or gives up those rights and there will be no trial.
The defendant further understands that if defendant pleads guilty, the Court
may ask defendant questions about the offense or offenses to which defendant
pleaded, and if defendant answers those questions under oath, on the record,
and in the presence of counsel (if any), defendant's answers may later be used
against defendant in a prosecution for perjury or false statement.  The
defendant also understands that defendant will be adjudicated guilty of the
offenses to which defendant has pleaded and, if any of such offenses are
felonies, may thereby be deprived of certain rights, such as the right to vote, to
hold public office, to serve on a jury, or to have possession of firearms.

    11.   <u>Factual Basis</u>

        The defendant is pleading guilty because defendant is in fact
guilty.  The defendant certifies that defendant does hereby admit that the facts

15

Defendant's Initials 

set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

### A.   The Defendant

The defendant, Robert Birchum, served on active duty as a commissioned officer in the United States Air Force from May 1986 to July 2018, when he retired at the rank of Lieutenant Colonel. Throughout his time in the Air Force, the defendant worked in various jobs in intelligence, including as an Intelligence Officer and, among other things, Chief of Combat Intelligence for a certain Air Force group.  Before he retired, the defendant's assignments included working with classified intelligence information at the Joint Special Operations Command ("JSOC"), Special Operations Command ("SOCOM"), and the Office of the Director of National Intelligence.

### B.   Classified Information

Classified information is defined by Executive Order 13526 ("E.O. 13526"), and relevant preceding Executive Orders, as information in any form that: (1) is owned by, produced by or for, or under the control of the United States government; (2) falls within one or more of the categories set forth in E.O. 13526; and (3) is classified by an original classification authority who determines that its unauthorized disclosure reasonably could be expected

16

Defendant's Initials 

to result in damage to the national security.  Where such unauthorized

disclosure reasonably could be expected to cause "damage" to the national

security, the information is classified as "Confidential."  Where such

unauthorized disclosure reasonably could be expected to cause "serious

damage" to the national security, the information is classified as "Secret."

Where such unauthorized disclosure reasonably could be expected to cause

"Exceptionally grave damage" to the national security, the information is

classified as "Top Secret."

   Pursuant to E.O. 13526, a person may gain access to classified

information only if a United States agency head or agency head's designee has

determined that the person is eligible to access classified information, the

person has signed an approved nondisclosure agreement, and the person has a

"need-to-know" the classified information.  "Need-to-know" means that an

authorized holder of classified information has determined that a person

requires access to specific classified information in order to perform, or assist

in, a lawful and authorized government function.

   E.O. 13526 also provides that certain senior U.S. officials are

authorized to establish "special access programs" upon a finding that "the

vulnerability of, or threat to, specific information is exceptional" and "the

normal criteria for determining eligibility for access applicable to information

Defendant's Initials _____

17

classified at the same level are not deemed sufficient to protect the information from unauthorized disclosure." Within the U.S. Intelligence Community, the Director of National Intelligence is authorized to establish special access programs for intelligence sources, methods, and activities. Such intelligence programs are called "Sensitive Compartmented Information Programs" or SCI Programs.

Similarly, certain personnel within United States Department of Defense are authorized to establish "Alternative Compensatory Control Measures," or ACCMs, for classified information.

Classified information may not be removed from the controlling agency's premises without permission. Moreover, even when SCI is maintained on the controlling agency's premises, it must be stored in a Sensitive Compartmented Information Facility ("SCIF"), which is a room, building, or installation accredited by the United States government and designed to prevent as well as detect visual, acoustical, technical, and physical access by unauthorized persons and devices.

### C.    The Defendant's Access to Classified National Defense Information

Because of his job duties, and through all times relevant to this Information, the defendant held a Top Secret security clearance with access to Sensitive Compartmented Information. As such, the defendant entered into

Defendant's Initials 

18

various agreements with the United States regarding the protection and proper

handling of classified information.  Examples of these agreements include:

a.   On or about August 27, 2008, as a condition of being granted

access to certain classified SCI information, the defendant entered into a Non-

Disclosure Agreement ("NDA") with the Department of Defense in which he

agreed, in pertinent part, as follows:

> I understand and accept that by being granted access to SCI,
> special confidence and trust shall be placed in me by the United
> States Government.
>                       *        *        *
>
> I have been advised that unauthorized disclosure, unauthorized
> retention, or negligent handling of SCI by me could cause
> irreparable injury to the United States or be used to advantage by
> a foreign nation.
>                       *        *        *
>
> In addition, I have been advised that any unauthorized disclosure
> of SCI by me may constitute a violation or violations of United
> States criminal laws, including the provisions of . . . Section[] 793
> . . . [of] Title 18, United States Code.

The scope of the NDAs that the defendant entered into with the Department

of Defense encompass the classified information referenced in this Statement

of Facts.

b.   As a condition of being granted access to classified SCI

information, the defendant also acknowledged his "Individual Reporting

Responsibilities," in which he agreed, in pertinent part, to disclose if he was

Defendant's Initials 
19

"[u]nwilling[] to comply with rules and regulations or to cooperate with security processing."

After completing agreements like those discussed above, the defendant routinely had access to classified national defense information as part of his official duties in the Air Force. More specifically, some of the classified national defense information the defendant accessed concerned Department of Defense locations throughout the world, detailed explanations of the Air Force's capabilities and vulnerabilities, and, among other things, the methods by which the Air Force gathers, transmits, and uses information observed by various Intelligence, Surveillance, and Reconnaissance ("ISR") platforms.

### D.   Criminal Conduct

On or about January 24, 2017, the Air Force's Office of Special Investigations ("AFOSI") received information indicating that the defendant had been storing classified information on a removable electronic storage device (the "Thumb Drive") at his home in Tampa, Florida, which is within the Middle District of Florida. In addition, AFOSI was informed that at least one other individual had access to, and actually accessed, classified information stored on the Thumb Drive.

Defendant's Initials 

20

Based on that information, law-enforcement officers lawfully searched the defendant's home the same day.  During the search, law-enforcement officers seized the Thumb Drive, a Dell computer hard drive, and numerous paper documents containing classified national defense information.

Law-enforcement officers' review of the Thumb Drive found at the defendant's house revealed that the defendant had used it to store 135 files that were marked as containing Top Secret, Top Secret/ACCM, Secret, and/or Confidential classified information.  Specifically, the Thumb Drive contained 31 files that contained information marked as Top Secret, some with ACCM information; 102 files that contained information marked as Secret, some with ACCM information; and 2 files that contained information marked as Confidential.[1]

The information contained in these documents and files was controlled by various United States Government entities, including military components and intelligence agencies.  Based on his intelligence-related official duties and, among other things, his execution of multiple NDAs throughout his Air Force career, the defendant knew that the information contained in the above-described files was classified national defense

---

[1] Ten of these files were duplicates of other files found on the Thumb Drive.

Defendant's Initials _____

21

information and that he was not authorized to possess or retain those materials in his house.

For example, AFOSI seized two electronic documents ("Document A" and "Document B") from the Thumb Drive found in the defendant's residence. Document A and Document B are National Security Agency ("NSA") presentations discussing the NSA's collection of information. Specifically, the presentations summarize the NSA's capabilities, detail methods of collection, and identify targets' vulnerabilities. Document A and Document B are classified at the TOP SECRET/SCI level, are closely held by the U.S. government, and constitute national defense information. Based on the level and amount of detail contained in Document A and Document B, their unauthorized release could be expected to cause exceptionally grave damage to the national security of the United States.

The defendant was aware that Document A and Document B were classified and contained national defense information and that retaining Document A and Document B on the Thumb Drive at his residence put the information and national security at risk. The defendant's residence was not a location authorized to store classified information, and the defendant knew as much. Having unauthorized possession of the Thumb Drive containing Document A and Document B, both of which related to the national defense,

Defendant's Initials _____

22

the defendant willfully retained Document A and Document B and failed to deliver them to an officer or employee of the United States entitled to receive them.

During their search of the defendant's residence on January 24, 2017, law-enforcement officers also seized the hard drive of a Dell computer. Subsequent analysis of the contents of the hard drive revealed that it contained ten files containing information marked as Secret, some with ACCM information.[2] In addition, law-enforcement seized 48 paper documents from the defendant's residence that contained information marked as Secret.

After discovering the classified information stored at the defendant's home, on January 30, 2017, AFOSI lawfully seized a personal Iomega hard drive that the defendant had possessed outside of a SCIF in his temporary quarters overseas.  A review of that hard drive revealed that the defendant had separately used that hard drive to willfully and unlawfully retain 117 additional files containing classified national defense information; 12 of those files contained information marked as Top Secret, some with

---

[2] One of these files was a duplicate of another file found on the Dell computer's hard drive.

Defendant's Initials _[signature]_

23

ACCM, 98 files contained information marked as Secret, some with ACCM information, and 7 contained information marked as Confidential.[3]

Finally, on February 3, 2017, law enforcement conducted a search of a storage pod located on the premises of the defendant's home in Tampa, Florida.  From the storage pod, law-enforcement seized 28 paper documents that contained information marked as Secret.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

---

[3] 77 of these documents were duplicates of other files found on the Iomega hard drive.

Defendant's Initials _____ 24

13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 24 th day of _August_, 2022.

ROGER B. HANDBERG
United States Attorney

_____
Robert Birchum
Defendant

Cherie L. Krigsman
Assistant United States Attorney
Chief, National Security Section

_____
Eric Roper, Esq.
Attorney for Defendant

Christopher F. Murray
Assistant United States Attorney
Chief, Criminal Division

for Evan N. Turgeon
Trial Attorney
Counterintelligence and Export
Control Section
National Security Division
U.S. Department of Justice