**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT BIRCHUM,<br><br>Defendant | CASE NO.: 8:23-cr-32-KKM-TGW |

**DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

TO THE HONORABLE JUDGE KATHRYN KIMBALL MIZELLE:

The sentencing hearing in this case was continued to allow the filing of supplemental sentencing memoranda. Doc. 29. Mr. Birchum, through the undersigned counsel, files this additional information for the Court's consideration prior to imposing sentence.

*Need to Avoid Unwarranted Sentencing Disparities*

In determining a reasonable sentence pursuant to § 3553(a), one of the factors the sentencing court must consider is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Following the Supreme Court's decision in *Booker*, "it is unquestioned that uniformity remains an important goal of sentencing." *Kimbrough v. United States*, 128 S. Ct. 558, 573 (2007). Comparing the facts and circumstances of Mr. Birchum's case with other similarly situated defendants is an illuminating yet challenging exercise as no two cases are identical in conduct or background. The non-exhaustive summary of the cases cited below provides an appropriate gauge of the seriousness of the offense and the sort of sentence necessary to meet our sentencing objectives.

At the initial sentencing hearing held on May 15, 2023, the Court identified nine cases where, according to the United States Sentencing Commission ("Commission"), the sole count of conviction was a violation of 18 U.S.C. § 793(e). Although Commission staff was unable to provide the parties with the case names or citations for the nine cases, the parties have undertaken their own review in an attempt to identify cases meeting this criterion.

The United States cited four cases in its initial sentencing memorandum involving convictions under § 793(e): the *Martin*, *Pho*, *Ford*, and *Brown* cases. The defense responded and distinguished the facts of each case from that of Mr. Birchum and only briefly recounts those distinctions here. *Martin* involved a stipulated high-end guideline sentence of nine years. 1:17-cr-69 (D. Md. July 19, 2019). There is no available information on the defendant's criminal history or the nature and circumstances of the offense other than it involved six banker's boxes of documents and several terabytes of data. In *Pho*, the presentence investigation report (PSI) and sentencing memoranda are sealed and even more limited factual information about the case is available. 1:17-cr-631 (D. Md. September 25, 2018).

A third case arising from Maryland was *United States v. Ford*, 288 Fed. Appx. 54 (4th Cir. 2008). In addition to the § 793(e) offense, a jury convicted the defendant of lying to law enforcement. *Id*. The Fourth Circuit Court of Appeals found no abuse in discretion in a sentence to 72 months where the advisory guideline range was 108-135 months. *Id*. Finally, the defense pointed out the many factual and legal differences from the instant case to those found in *United States v. Brown*. 8:21-cr-348 (M.D. Fl.). The defendant in that case was convicted of possessing illegal firearms and live grenades and was found to have committed perjury at trial, lied to investigators, flouted several court orders, and discussed classified information with a journalist and attempted to sell his story to the press. The possession of one classified document was of

minor importance to the case.

Several other cases offer additional information bearing on an appropriate sentence in Mr. Birchum's case. In *United States v. Aquino*, the defendant, a Philippine national, was initially indicted for conspiracy to defraud the United States and acting as an illegal foreign agent. The defendant eventually pled guilty to a lesser violation of 18 U.S.C. § 793(e) pursuant to a plea agreement. 555 F.3d 124 (3rd Cir. 2009). The guideline range, as calculated by the district court using U.S.S.G. § 2M3.2, was 70-87 months and the defendant was sentenced to 76 months. The 3rd Circuit Court of Appeals reversed and remanded for resentencing after finding the district court applied the wrong sentencing guideline. *Id*. at 131. The government filed a 97-page sentencing memorandum urging the court to award an upward departure sentence of 120 months. In its memorandum, the government described the defendant as a "spy and a foreign agent" who engaged in a criminal conspiracy against the United States that spanned the globe and involved the theft of classified national defense documents from the White House and the FBI in an effort to remove the sitting President of the Republic of the Philippines. 2:05-cr-719, Doc. 58. There is no subsequent appellate history noted for the case.

The defendant in *United States v. Winner*, 1:17-cr-34 (S.D. Ga.), pled guilty pursuant to a plea agreement to a single violation of § 793(e). The defendant stipulated to a 63-month sentence as part of the plea agreement. *Id*. The advisory guideline range was 87-108 months. *Id*., at Doc. 320. The defendant admitted to intentionally searching for and obtaining a TS/SCI classified intelligence report and subsequently transmitting the report to a news outlet with the intent that the report be published. *Id*., at Doc. 324. According to the government's sentencing memorandum, subject matter experts concluded the defendant's unauthorized disclosure did in fact cause exceptionally grave harm to our national security. *Id*., at Doc. 320. The government

3

further noted the defendant installed an anonymous web browser on her work computer, repeatedly expressed contempt for the United States, specifically searched for the document she had no "need to know" of, and mailed the report to a news organization with the intent that it be published and harm the United States.[1] *Id*.

*United States v. Serageldin*, 1:18-cr-10436 (D. Mass.), involved a defendant sentenced to 18 months and a $10,000 fine for a violation of § 793(e). The defendant received a two-level increase in his base offense level because he willfully obstructed and impeded the investigation by lying to multiple people and seeking to conceal and destroy records. *Id.*, Doc. 72. An obstruction count was charged but dropped pursuant to the plea agreement. The resulting guideline range was 57-71 months. The documents illegally retained consisted of 3,137 digital documents and another 115 physical documents, approximately 573 documents totaling 31,000 pages classified at the Secret level. *Id*.

Another case involving a plea to one count of § 793(e) is *United States v. Marshall*. 3:17-cr-1 (S.D. Tx.). The defendant, a former member of the U.S. Navy and defense contractor, admitted to taking an unspecified number of Secret level documents from various jobs and storing them in his home. The advisory guidelines and criminal history are not known for this case but the defendant was sentenced to 41 months. *Id.*, at Doc. 51. The defendant was initially charged with theft of government property but pled guilty to an information charging one count of § 793(e).

In September 2013, Mohan Nirala, an employee of a U.S. national intelligence agency, sent at least two e-mails from his unclassified government account to an external unclassified e-

---

[1] The government's sentencing memorandum in *Winner* notes the stipulated sentence would be the longest sentence served by a federal defendant for an unauthorized disclosure to the media and cites a number of other cases comparing sentences in cases involving actual disclosure.

4

mail account owned by a citizen of the People's Republic of China that contained classified information. 1:16-cr-124 (E.D. Va.), Doc. 2. The documents were classified at the Secret level. *Id*. Law enforcement seized 20 documents from Mr. Nirala's home containing information classified at both Secret and Top Secret levels. *Id*. According to the factual basis, the FBI also seized a large white duct-taped FedEx box from the home that contained 349 Top Secret documents and 189 Secret documents. *Id*., at Doc. 64. The defendant pled guilty pursuant to a plea agreement to a single count of willfully retaining national defense information. *Id*. Four additional § 793(e) counts and two counts of lying to investigators were dropped pursuant to the plea agreement. *Id*., at Doc. 63. The advisory guidelines are unknown but the court sentenced Mr. Nirala to 12 months plus one day confinement. *Id*., at Doc. 80.

In *United States v. Saucier*, the defendant pled guilty to one count of § 793(e). 3:15-cr-131 (D. Conn.). The defendant fell within Criminal History Category I and received a two-level enhancement for obstructing justice.[2] *Id*., at Doc. 92. The defendant was an active-duty U.S. Navy submariner with a Secret clearance and admitted that he used his cell phone to take a number of photographs of the classified interior of a nuclear attack submarine over a seven-month period of time. *Id*. After being confronted by law enforcement, the defendant returned to his residence and destroyed a laptop computer, camera, and memory card. *Id*. The defendant was sentenced to 12 months in prison. *Id*., at Doc. 109. In its judgment, the district court judge noted that the applicable guideline, § 2M3.3, did not provide helpful guidance in the case because it applies to a group of crimes of which the defendant's case was the least serious. *Id*. Thus, the judge stated, the recommended sentencing range overstates the seriousness of the offense conduct. *Id*. The guideline range was 63-78 months. In its sentencing memorandum,

---
[2] One count of obstructing justice was dismissed pursuant to the plea agreement.

the government argued for a 63-month sentence and noted the defendant initially denied taking the photographs but four witnesses swore under oath that the defendant showed them the pictures. *Id*., at Doc. 104. The government also notes that the defendant attempted to pin the blame on an ex-wife by framing him. *Id*.

In *United States v. Wen Ho Lee*, 1:99-cr-1417 (D.N.M.), the defendant pled guilty to one count of violating § 793(e) and was sentenced to a time-served sentence of 277 days. Doc. 193. 58 other counts were dismissed. The dismissed counts alleged violations of 42 U.S.C. § 2276 by tampering with restricted data from an atomic energy facility with the intent to injure the United States. *Id*., Doc. 1. The guideline range of imprisonment was 37-41 months. *Id*., Doc. 193.

Prior to 2018, Federal law provided for a misdemeanor offense that proscribes knowingly removing classified material without authority and with the intent to retain the material at an unauthorized location. *See* 18 U.S.C. § 1924. That offense is now a felony with a five-year statutory maximum punishment. At the time Mr. Birchum's offense became known to authorities in 2017, the misdemeanor offense was still available. In addition to the cases summarized above, numerous examples of cases prosecuted under § 1924 exist where the defendant was sentenced to probation for conduct similar to that of Mr. Birchum. *See, e.g.*, *United States v. Harwin*, 1:11-mj-781 (E.D. Va.) (probation and fine for possessing 14 classified documents at home); *United States v. Neely*, 1:10-mj-311 (E.D. Va.) (probation and fine for retaining classified documents at home); and *United States v. Nishimura*, 2:15-cr-145 (E.D. Cal.) (naval reservist sentenced to probation and fine for downloading classified documents and storing them on personal computer and storage devices).

The high-profile cases cited in the initial defense memorandum including that of General Petraeus and former National Security Advisor Sandy Berger provide further apt comparisons.

6

As one final example, in *United States v. Lesnick*, 2:08-cr-679 (C.D. Cal.), the defendant was sentenced to three years' probation for a single count of § 793(e) for downloading classified documents from a SCIF over a number of years and storing the documents at his home. Doc. 44. At the time of his arrest, the defendant possessed more than 2,000 classified documents at his home, including 400 Top Secret documents. At sentencing, the district court found the case more akin to "mishandling" classified material than conduct posing a higher risk of disclosure and analyzed the guidelines under the § 1924 guideline. *Id*., at Doc. 46.

*Potential Loss of Veteran's Administration Benefits*

Another sentencing factor provided in § 3553(a) is the need to provide the defendant with needed medical care. 18 U.S.C. § 3553(a)(2)(D). As described in the presentence investigation report and the initial defense sentencing memorandum, Mr. Birchum presently suffers from a number of physical and mental disorders connected to his lengthy military service that he currently receives specialized care for from the Veteran's Administration ("VA"). Mr. Birchum is rated a 100% disabled veteran by the VA and part of his retirement pension is paid as disability compensation. The attached flyer from the VA provides information on the VA's policies and procedures when a veteran eligible for benefits is incarcerated in a Federal, state, or local penal institution.[3] As stated, VA disability compensation payments are reduced to 10% if a veteran is convicted of a felony and imprisoned for more than 60 days. Once released, payments *may* be reinstated. While all or part of the disability compensation not paid to an incarcerated veteran *may* be apportioned to the veteran's spouse or child, that determination is within the sole discretion of the VA. Finally, the VA cannot provide continuing medical care to a veteran while incarcerated. If incarcerated, Mr. Birchum would no longer receive continuing care from his

---

[3] https://benefits.va.gov/BENEFITS/factsheets/misc/JusticeInvolved.pdf

medical providers via the VA and that responsibility would fall to the Bureau of Prisons.

*Proposed Amendment to U.S.S.G.*

Mr. Birchum would finally submit for the Court's consideration the amendment to the sentencing guidelines proposed by the Commission in April of this year. One of the proposed amendments would create a new guideline, § 4C1.1, for the so-called "zero point offender" like Mr. Birchum who has zero criminal history points and who also meet certain established criteria. If qualified, a defendant would benefit from a two-level offense level reduction. While retroactivity is not guaranteed at this time, Mr. Birchum would likely qualify for this reduction and he respectfully requests the Court to consider this proposed amendment in fashioning an appropriate sentence.

*Conclusion*

Without question, Mr. Birchum committed a serious offense spanning many years and he will be held accountable for his conduct. A lengthy prison sentence, however, is not justified or necessary to comply with the statutory directives set forth in 18 U.S.C. § 3553. A probationary sentence or probation with a condition of home confinement is consistent with precedent and would constitute an appropriate and reasonable sentence under the particular facts and circumstances of this case. For the foregoing reasons, Mr. Birchum submits that all the statutory sentencing factors and the guidelines support a sentence of probation in this case.

Respectfully Submitted,

**THE LAW OFFICE OF ERIC ROPER, P.A.**

/s/ *C. Eric Roper*
C. Eric Roper
Florida State Bar Number: 84619
301 W. Bay Street, Suite 1413
Jacksonville, FL 32202
Telephone: (904) 354-8775
Fax: (904) 779-3247
E-mail: eric@ericroperlaw.com

**CERTIFICATE OF SERVICE**

I certify that on the 22nd day of May, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to the counsel of record.

/s/ *C. Eric Roper*
C. Eric Roper
Attorney for the Defendant