UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:23-cr-32-KKM-TGW

ROBERT BIRCHUM

## UNITED STATES' SECOND SUPPLEMENTAL SENTENCING MEMORANDUM

The United States submits this Second Supplemental Sentencing Memorandum in response to the Court's order of May 15, 2023, directing the parties to provide additional information regarding sentences imposed in cases involving stand-alone convictions under 18 U.S.C. § 793(e). Docs. 28-29. The Court requested this information based on the limited number of cases involving the unlawful retention of national defense information (NDI) and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct in accordance with 18 U.S.C. § 3553(a)(6).[1]

As noted in the United States' sentencing memorandum, cases involving the mishandling of classified information are thankfully rare. Complex issues often arise when prosecuting cases with classified information at their core, and the ultimate outcome of such cases is uniquely difficult to predict. *See United States v. Kim*, 808 F.

---

[1] The Court informed the parties that the U.S. Sentencing Commission had reported that there were only nine such stand-alone cases involving a conviction under 18 U.S.C. § 793(e) and that the average sentence imposed was 47 months.

Supp. 2d 44, 55 (D.D.C. 2011) (observing that there has been a "dearth of prosecutions" under 18 U.S.C. §793(d) of the Espionage Act "most likely" because of the difficulty in establishing such a violation, combined with the sensitive nature of classified information and the procedures that must be followed.). In this particular case, the volume of documents and number of equity holders (Original Classification Authorities) of the information have contributed to the complexity. In addition, as mentioned at the May 15, 2023, initial sentencing hearing, these cases also present the additional burden of balancing the need for prosecution with the damage that further disclosure of classified information might cause. Each prosecution under the Espionage Act therefore presents a different tension between the prosecutorial and intelligence interests at stake. Further, when such cases are resolved through guilty pleas, many of the facts underlying those pleas remain classified.

Given these challenges, it is difficult to make comparisons to other cases involving the willful retention of classified NDI.[2] Nevertheless, the United States has assembled what it believes to be the relevant universe of cases for the Court's consideration. In collecting this information, the United States identified cases in which the defendant had been convicted of, and sentenced for, a single violation of

---

[2] The Eleventh Circuit has recognized that comparing sentences among defendants convicted of "similar fraud crimes" would also be difficult to gauge. *United States v. Hill*, 643 F.3d 807, 885 (11th Cir. 2011) (rejecting argument that sentence was unreasonable because it varied greatly from sentences of co-defendants and sentences of other "high profile fraud defendants nationwide"). The Court stated that it was "not convinced that a sentence imposed in this Circuit is subject to a national grade curve." *Id.*

willful retention of NDI under Section 793(e).[3] For the Court's convenience, those cases are organized in a chart, attached hereto as Exhibit 1. The chart is divided into two categories—the first contains cases involving Top Secret NDI and the second contains cases involving Secret and Confidential NDI. This distinction is important for two reasons.

First, the Eleventh Circuit has recognized that the guidelines are an indispensable tool in helping courts achieve Congress's mandate to consider the need to avoid unwarranted sentence disparities among similarly situated defendants. *United States v. Irey*, 612 F.3d 1160, 1217-18 (11th Cir. 2010) ("The upshot is that the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives, the one, at retail, the other at wholesale.") (quoting *Rita v. United States*, 551 U.S. 338, 348 (2007)). With regard to the sentencing guidelines applicable to violations of the Espionage Act—including section 793(e)—the Sentencing Commission has stated that "offense level distinctions in this subpart generally based on the classification level of the information gathered or transmitted. This classification, in turn, reflects the importance of the information to national security." USSG §2M3.1, cmt. n.1, background. Accordingly, Section 2M3.3—the applicable guideline here—ascribes a *five-level* difference in the base offense level for Top Secret NDI (29) as compared to

---

[3] The United States has included the case of *United States v. Reality Winner* in the chart because Winner was convicted of a single count charging a violation of 18 U.S.C. §793(e). In that case, however, Winner's conduct is described as the willful retention and transmission of NDI. *See* Doc. 327, 1:17cr00034-1 (S.D. Ga. Aug. 24, 2018).

any other NDI (24). USSG 2M3.3(a)(1)-(2). For a defendant with no criminal history, this amounts to a *three-year difference* in the sentencing range before consideration of any enhancements or decreases (87-108 months as opposed to 51-63 months).

Second, the Supreme Court has recognized that in addition to avoiding unwarranted sentence disparities, sentencing judges must also avoid "unwarranted similarities" among other defendants who were not similarly situated. *See Gall v. United States*, 552 U.S. 38, 55 (2007); *see also Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1342 (11th Cir. 1999) (en banc) ("[I]t is worth noting that equal treatment consists not only of treating like things alike, but also of treating unlike things differently according to their differences."). Thus, because the Commission so clearly defined offenses involving Top Secret NDI as significantly more serious than those involving other NDI, and the defendant in this case unlawfully retained 43 documents containing Top Secret NDI, PSR Doc. 21 at ¶¶ 21, 28, the Court should compare apples to apples when assessing sentence disparities and consider only those cases involving Top Secret NDI. If the Court does decide to factor in cases involving Secret or Confidential NDI, it should give those sentences much less weight.

Each of the defendants listed in the chart pleaded guilty to a single violation of Section 793(e).[4] In response to the Court's remarks at the initial sentencing hearing,

---

[4] In its Sentencing Memorandum and at the initial sentencing hearing, the United States also drew a comparison to *United States v. Ford*, 288 F. App'x 54 (4th Cir. 2008). We have not included this case in the Chart solely because Ford went to trial and was convicted of making a false statement, in violation of 18 U.S.C. § 1001, in addition to one count of

we have noted the two instances where the United States and the defendant entered into a plea agreement under Federal Rule of Evidence 11(c)(1)(C). In addition, only four of the defendants (Nirala, Saucier, and Lee) had originally been charged with additional offenses before agreeing to plead guilty. All but one of the defendants (Winner) listed in the Top Secret section of the chart were responsible for unlawfully retaining multiple classified documents.

The average sentence of the five cases involving Top Secret NDI is 49.8 months. None of the other defendants in similar Section 793(e) cases, however, was a high-level commissioned military intelligence officer who had sworn an additional oath to support and defend the Constitution and faithfully discharge his duties but nevertheless mishandled classified NDI for over a decade.

Moreover, based on the sensitive nature of the documents that the Defendant retained (Top Secret, Secret, and ACCM material), the number of documents, and the extensive date range of the unlawfully retained documents (2002 to 2016), this case squarely falls into the "heartland" of unlawful retention cases. The facts of this

---

willfully retaining classified NDI in violation of Section 793. Ford unlawfully retained numerous documents, some Top Secret. He was sentenced to 72 months' imprisonment, which was below the advisory guidelines range of 108 to 135 months' imprisonment. *Id.* at 61; Doc. 57, 8:05-cr-00235-PJM (D. Md. Mar. 31, 2006).

5

case most assuredly do not make it an outlier warranting a more lenient sentence.[5] *See* Doc. 24 at 8-10, 12.

## Conclusion

For all the reasons above, as well as those addressed in the United States' sentencing memorandum, supplemental sentencing memorandum, and during the May 15, 2023, initial sentencing hearing, the United States seeks a meaningful sentence of incarceration, at the low end of the guideline range. The Defendant's crime was deliberate, calculated, and long-lived. Each and every time he downloaded a classified file to his personal devices or removed a classified document from a secure location, he knew that he was violating the several non-disclosure agreements that he had signed and that he was disregarding the admonitions of

---

[5] The United States also notes that in January 2018, Congress determined that crimes involving the removal and retention of classified information should not be punishable as a misdemeanor offense, and it amended 18 U.S.C. § 1924 (Unauthorized Removal and Retention of Classified Documents or Materials) to make it a felony offense. Pub. L. 115-118, Title II, § 202, Jan. 13, 2018, 132 Stat. 19.

many trainings in how to handle classified information. Most importantly, he knew that he was putting his fellow service members and the country at risk.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: /s/ *Cherie L. Krigsman*
Cherie L. Krigsman
Assistant United States Attorney
Florida Bar No. 0048764
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Cherie.Krigsman@usdoj.gov

/s/ *Evan N. Turgeon*
Evan N. Turgeon
Trial Attorney
Counterintelligence and Export
Control Section
National Security Division
U.S. Department of Justice

U.S. v. Birchum					Case No. 8:23-cr-32-KKM-TGW

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Eric Roper

> */s/ Cherie L. Krigsman*
> Cherie L. Krigsman
> Assistant United States Attorney
> Florida Bar No. 0048764
> 400 N. Tampa St., Ste. 3200
> Tampa, FL 33602-4798
> Telephone: (813) 274-6000
> Facsimile: (813) 274-6358
> E-mail: Cherie.Krigsman@usdoj.gov