AO 245B (Rev. 09/19) Judgment in a Criminal Case                                                              Sheet 1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**

|  |  |
|---|---|
|  | CASE NUMBER:    8:23-cr-32-KKM-TGW |
| vs. | USM NUMBER:    45400-510 |

ROBERT BIRCHUM                                   Defendant's Attorney: Christopher Roper, retained

The defendant pleaded guilty to Count One of the Information.

The defendant is adjudicated guilty of this offense:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 793(e) | Unauthorized Possession and Retention of Documents Relating to National Defense | January 24, 2017 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Day of Sentencing and
Imposition of Sentence: June 1, 2023

Kathryn Kimball Mizelle
United States District Judge

June 1, 2023

AO 245B (Rev. 09/19) Judgment in Criminal                                                                Sheet 2 — Imprisonment
_____

Defendant:   ROBERT BIRCHUM                                                        Judgment - Page   2   of   7
Case No.:     8:23-cr-32-KKM-TGW

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **thirty-six (36) months**.

The Court recommends to the Bureau of Prisons:
1. Confinement at Coleman in Florida or, in the alternative, a facility located close to the Tampa Bay area to be near his family;
2. Evaluation for, and receipt of, proper and necessary mental health treatment.


By 12:00 p.m. on July 17, 2023, the defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons, as notified by the United States Marshal.


## RETURN

I have executed this judgment as follows:


_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.



_____
United States Marshal


By:_____
Deputy United States Marshal

AO 245B (Rev. 09/19) Judgment in a Criminal Case                                    Sheet 3 ─ Supervised Release

Defendant:   ROBERT BIRCHUM                                             Judgment - Page   3   of  7

Case No.:    8:23-cr-32-KKM-TGW

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **thirty-six (36) months**.

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

     X  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.

4.  You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19) Judgment in a Criminal Case                                    Sheet 4 — Supervised Release

Defendant:   ROBERT BIRCHUM                                         Judgment - Page __4__ of _7_
Case No.:    8:23-cr-32-KKM-TGW

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____     Date _____

Defendant:   ROBERT BIRCHUM                                              Judgment - Page __5__ of _7___
Case No.:    8:23-cr-32-KKM-TGW

## SPECIAL CONDITION(S) OF SUPERVISION

1.  The defendant shall participate in a mental health treatment program at the direction of the probation officer. Further, the defendant needs to contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

2.  The defendant shall not engage in an occupation, business, profession, or volunteer activity that would require the defendant to communicate in any way, verbally, or in writing, including any electronic means of communication, information relating to classified subject areas to which the defendant was exposed while working for the United States Government without the prior approval of the Probation Officer.

AO 245B (Rev. 09/19) Judgment in a Criminal Case                                          Sheet 6 — Criminal Monetary Penalties

Defendant:   ROBERT BIRCHUM                                           Judgment - Page __6__ of __7__
Case No.:    8:23-cr-32-KKM-TGW

### CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $100 | n/a | $25,000 | n/a | n/a |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

  * Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
 ** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant:   ROBERT BIRCHUM                                         Judgment - Page __7__ of __7__
Case No.:     8:23-cr-32-KKM-TGW

**SCHEDULE OF PAYMENTS**

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A.   _X_   Lump sum payment of **$100**, due immediately

        ___ not later than _____ , or
        ___ in accordance with __ C, __ D, __ E, or __ F below; or

B.   ____   Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.   ____   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of
        $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ days
        *(e.g., thirty or sixty days)* after the date of this judgment; or

D.   ____   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ ___ over a period of
        *(e.g., months or years)* to commence_____ *(e.g. thirty or sixty days)* after release from imprisonment to a
        term of supervision; or

E.   ____   Payment during the term of supervised release will commence within _____ *(e.g., thirty or sixty
        days)* after release from imprisonment. The court will set the payment plan based on an assessment of the
        defendant's ability to pay at that time, or

F.   _X_   Special instructions regarding the payment of criminal monetary penalties: While in Bureau of Prisons
        custody, the defendant shall either (1) pay at least $25 quarterly if he has a non-Unicor job or (2) pay at least
        50% of his monthly earnings if he has a Unicor job. Upon release from custody, the defendant is ordered
        to begin making payments of $500 per month and this payment schedule shall continue until such time as
        the Court is notified by the defendant or the government that there has been a material change in his ability
        to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.